# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ELLIS LAMONT CENALES**                                                    **PLAINTIFF**

**v.**                                                   **CIVIL NO. 1:24-cv-00257-HSO-BWR**

**VITACORE HEALTH**                                                     **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

On August 22, 2024, pro se Plaintiff Ellis Lamont Cenales filed this Complaint under 42 U.S.C. § 1983, naming VitaCore Health as Defendant. Compl. [1] at 1-2. Plaintiff is an inmate housed at the Harrison County Adult Detention Center ("HCADC") in Gulfport, Mississippi, *id.*, and the events giving rise to this lawsuit occurred there, *id.* at 4. Plaintiff claims that he "was charged for services not given by medical," and he requests his "money back." *Id.* He also asks the Court to order an "audit on this place." *Id.*

When he filed his Complaint, Plaintiff also requested leave to proceed *in forma pauperis*. Mot. [2] at 1-2. Because his Motion [2] was incomplete, the Court ordered Plaintiff as follows:

> [O]n or before September 23, 2024, plaintiff shall either pay the required $350.00 . . . filing fee plus a $55.00 . . . administrative fee or file a complete application for leave to proceed *in forma pauperis*, including the section entitled 'Certificate to Be Completed by Authorized Officer'

>   of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court.

Order [3] at 1. Plaintiff was warned that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court . . . may result in the dismissal of this case." *Id*. at 2. On September 13, 2024, Plaintiff filed another Motion [4] for Leave to Proceed *in forma pauperis*, but it was also incomplete. Plaintiff did not include the Certificate to Be Completed by Authorized Officer, nor did he "file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court." Order [3] at 1.

Because Plaintiff is proceeding *pro se*, he was given an extension of time within which to respond. Order [5] at 1-2. On September 26, 2024, Plaintiff was ordered, on or before October 10, 2024, to "fully comply with the Order [3] of August 22, 2024, by following the instructions outlined therein." Order [5] at 2. Plaintiff was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . may lead to dismissal of Plaintiff's Complaint without further notice to him." *Id*. The Order Granting Extension of Time Within Which to Respond [5], with a copy of the Court's August 22 Order [3], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order [5] by the October 10 deadline.

On October 23, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with its previous Orders. Order [6] at 2. Plaintiff's responsive deadline was extended to November 6, 2024, and he was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will lead to dismissal of Plaintiff's Complaint without further notice to him." *Id*. at 2-3. The Order to Show Cause [6], with a copy of the Court's August 22 and September 26 Orders [3], [5], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Once again, Plaintiff did not comply with the Court's Orders [6], [5], [3] by the November 6 deadline.

On November 18, 2024, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [6] [5] [3]." Order [7] at 3. Plaintiff was directed to file a written response on or before December 2, 2024. *Id*. Plaintiff was also directed to fully comply with the Court's August 22 Order [3], on or before the December 2 deadline, "by following the instructions outlined therein." *Id*. Plaintiff was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . ***will lead*** to dismissal of Plaintiff's Complaint without further notice to him." *Id*. (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [6] [5] [3]." *Id*. The Second and Final Order to Show Cause [7], with copies of the Court's August 22, September 26, and October 23 Orders [3], [5], [6],

3

was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable.

To date, Plaintiff has not responded to the Court's September 26, October 23, or November 18 Orders [5], [6], [7], nor has he otherwise contacted the Court about his case since September 13, 2024. *See* Mot. [4].

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Plaintiff did not comply with four Court Orders [3], [5], [6], [7], after being warned four times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [7] at 3; Order to Show Cause [6] at 3; Order Granting Extension of Time Within Which to Respond [5] at 2; Order [3] at 2. Despite these warnings, Plaintiff has not responded to the Court's Orders or taken

4

any action in this case since September 13, 2024.  *See* Mot. [4].  Given this clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit.  Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of December, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE